IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joseph Thomas, family McQuatters, | C/A No.: 3:13-130-CMC-PJG |
| Plaintiff, | |
| vs. | |
| The Equitable Life Mortgage and Realty Investors; ABN AMRO Mortgage Group, Inc.; Finkle Law Firm; Beverly J. Finkle, an individual; Thomas A. Shook, an individual; William A. Keesley, an individual; James O. Spence, an individual; CitiMortgage, Inc.; Robinson, Bradshaw, and Hinson Law Firm; Brian L. Church, an individual; George C. James, an individual; Alison Renee Lee, an individual; Beth A. Carrigg, an individual; George W. Griffiths, Jr., an individual; R. Knox McMahon, an individual; Sheriff of Lexington County; Yacht Cove Homeowners Association; Warren R. Herndon, Jr., an individual, | **REPORT AND RECOMMENDATION** |
| Defendants. | |

        The plaintiff, Joseph Thomas, family McQuatters, ("Plaintiff"), a self-represented

litigant, brings this action pursuant to 42 U.S.C. §§ 1983, 1985(3).[1]  (ECF No. 9 at 2, 6.)

Plaintiff also alleges various state law claims, (id. at 6), civil violations under the Racketeer

Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964, (id. at 5), and claims

_____

        [1] Plaintiff alleges jurisdiction under 28 U.S.C. § 1332.  (ECF No. 9 at 5.)  However, the diversity statute requires complete diversity of parties, meaning that no party on one side may be a citizen of the same state as any party on the other side.  Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 nn.13-16 (1978).  Summonses provided by Plaintiff indicate that complete diversity is lacking in this case.

under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2805, (id. at 7-8). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Having reviewed the Amended Complaint in accordance with applicable law, the court concludes that the case should be summarily dismissed as to the following defendants: The Equitable Life Mortgage and Realty Investors; William A. Keesley; James O. Spence; George C. James; Alison Renee Lee; Beth A. Carrigg; George W. Griffiths, Jr.; R. Knox McMahon; Sheriff of Lexington County; Yacht Cove Homeowners Association; and Warren R. Herndon, Jr.

In a separately docketed order, summonses are issued to Plaintiff for service on the following defendants: ABN AMRO Mortgage Group, Inc.; Finkle Law Firm; Beverly J. Finkle; Thomas A. Shook; CitiMortgage, Inc.; Robinson, Bradshaw, and Hinson Law Firm; and Brian L. Church.

## BACKGROUND

Plaintiff filed a Complaint on January 11, 2013. (ECF No. 1.) On February 28, 2013, Plaintiff brought this case into proper form by submitting summonses for the defendants. Plaintiff also filed an Amended Complaint on that date.[2] (ECF No. 9.) The Amended Complaint involves actions allegedly taken by the defendants against Plaintiff in two foreclosure actions filed in the Lexington County Court of Common Pleas. (Id. at 6.)

---

[2] The Amended Complaint substituted "Sheriff of Lexington County" for "Lexington County Sheriff James R. Metts" and added two new defendants: Yacht Cove Homeowners Association and Warren R. Herndon, Jr.



Plaintiff claims that defendant Finkle Law Firm,[3] acting as attorneys for defendant ABN AMRO Mortgate Group, Inc. ("ABN AMRO"), filed the first foreclosure action on November 19, 2004, against property owned by Plaintiff. (Id.) Plaintiff alleges that defendant Finkle Law Firm committed "fraud on the court," because defendant ABN AMRO did not have standing to bring the foreclosure action in state court. (Id. at 6-7.) Plaintiff also claims that defendant Finkle Law Firm failed to respond to documents served by Plaintiff in the state foreclosure action, (id.), and "signed a notarized document which they knew, or should have known, was completely false." (Id. at 9.) Defendants Beverly Finkle and Thomas A. Shook are named as attorneys of defendant Finkle Law Firm. (Id.)

Plaintiff indicates that defendant ABN AMRO dismissed the first foreclosure action, however, defendant CitiMortgage, Inc. ("CitiMortgage"), filed a new foreclosure complaint "almost immediately." (Id. at 12.) Plaintiff claims that the second complaint "was only a continuation of the previous foreclosure action . . . merely bringing in new actors (attorneys) to continue the same colorable activities as previously demonstrated." (Id.) Defendants Robinson, Bradshaw & Hinson, P.A., are named as attorneys representing defendant CitiMortgage in the second foreclosure case. (Id. at 13.) Defendant Brian L. Church is identified as an attorney employed by defendant Robinson, Bradshaw & Hinson, P.A. (Id. at 17.) Plaintiff claims that defendants ABN AMRO, Finkle Law Firm, Beverly Finkle, Thomas A. Shook, CitiMortgage, Brian L. Church, Robinson, Bradshaw and Hinson, Yacht Cove Homeowners Association, and Warren R. Herndon, Jr., "have all colluded to extort money and or property from [Plaintiff] by filing actions against the property of

---

[3] Plaintiff refers to this defendant as Finkle Law Firm and Finkel Law Firm interchangeably.



[Plaintiff] absent legal standing to do so." (Id.)  It is noted that the Amended Complaint fails to provide any additional information regarding defendant Herndon or defendant Yacht Cove Homeowners Association.[4]

Defendant Keesley, Circuit Court Judge, is named for "advising [defendant] Mr. Shook to file a Motion for Summary Judgment against [Plaintiff]" in the foreclosure action and for allegedly making impartial and unfair decisions in the foreclosure proceedings.  (Id. at 9.)  Lexington County Master-in-Equity, Defendant Spence, allegedly "allowed hearsay testimony," ruled against Plaintiff's motions in state court, and had *ex parte* communications with defendant Finkle Law Firm.  (Id. at 10-11.)  The Amended Complaint further alleges that "the Honorable Eugene C. Griffith, Jr." denied Plaintiff an opportunity to appear at a foreclosure hearing on January 14, 2013, (id. at 6), and "attempted to deny [Plaintiff] access to the courts."  (Id. at 18.)   Plaintiff claims that each of the judicial defendants, "Keesley, Spence, James, Lee, McMahon and Griffith," have "deprived Plaintiff of his right to due process" by "continuing to issue orders absent the required subject matter jurisdiction."  (Id. at 10, 17.)  Defendant Carrigg, Lexington County Clerk of Court, is named for "sending notices of hearings to [Plaintiff]" by mail, thus, allegedly committing mail fraud.  (Id.  at 18.)

Plaintiff seeks monetary damages and "[i]njunctive relief to prevent the lower courts from any further actions or rulings in and to dismiss, with prejudice [Plaintiff's state foreclosure actions] and to estop Lexington County Sheriff from any actions against the

---

[4] It appears defendant Herndon is an attorney in South Carolina.  See Woodward, Cothran, & Herndon, http://www.wchlaw.com/warren-r-herndon-jr.html  (last visited March 13, 2013).



property of Petitioner." (Id. at 19.)  Plaintiff indicates that he does not seek damages from the Lexington County Sheriff and only named this defendant to "hinder any action against Petitioner's property."  (Id.)

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Amended Complaint.  This court is required to liberally construe *pro se* complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never



presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, even when the filing fee is paid, the court possesses the inherent authority to dismiss frivolous complaints.  See Ross v. Baron, No. 12-1272, 2012 WL 3590914, at *1 (4th Cir. Aug. 22, 2012); see also Mallard v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . .  authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute."  In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998).  Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction.  Pinkley, Inc. v. City of Frederick, Md., 191 F.3d 394, 399 (4th Cir. 1999).  Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears."  Bulldog Trucking, 147 F.3d at 352; see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint."  Pinkley, Inc., 191 F.3d at 399.  To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]"  If, however, the complaint does not contain "an affirmative pleading of a jurisdictional



basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." Id.  Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure.  Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999).  If the court, viewing the allegations in the light most favorable to Plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. Id.  If a plaintiff's complaint pleads a colorable claim arising under the Constitution or laws of the United States, he invokes federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.[5]  See Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 452-53 (4th Cir. 2012).  However, if the alleged federal claim is "'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy,'" then subject matter jurisdiction does not exist. Id. (citation omitted).

## DISCUSSION

The Amended Complaint provides sufficient factual allegations to withstand summary dismissal of Plaintiff's claims against the following defendants, who allegedly violated federal statutes regarding the extension of consumer credit ("TILA"), home mortgage disclosure laws ("RESPA"), or debt-collection practices ("FDCPA"): ABN AMRO Mortgage Group, Inc.; Finkle Law Firm; Beverly J. Finkle; Thomas A. Shook; CitiMortgage, Inc.; Robinson, Bradshaw, and Hinson Law Firm; and Brian L. Church. See Heintz v.

---

[5] Diversity subject matter jurisdiction is not applicable to this case because the Complaint does not allege complete diversity of parties. See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011); 28 U.S.C. § 1332.



Jenkins, 514 U.S. 291, 294 (1995) (holding that the FDCPA may apply to attorneys, as well as debt collectors, engaged in debt-collection litigation). The Amended Complaint's allegations against the remaining defendants in this case are insufficient to invoke federal subject matter jurisdiction because they are completely devoid of merit. See Holloway, 669 F.3d at 452. Further, while Plaintiff's Amended Complaint expressly references federal statutes and the Constitution, merely invoking the Constitution and statutes is insufficient when there are no facts alleged to support a federal claim. See id. at 452–53 (indicating that where the allegations are so lacking in specificity or are so insubstantial and conclusory, they do not involve a federal controversy).

### 1.    Claims under 42 U.S.C. § 1983

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). A plaintiff must also affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977).

The Amended Complaint in this case lists The Equitable Life Mortgage and Realty Investors ("Equitable Life Mortgage"), Yacht Cove Homeowners Association ("Yacht Cove"), and Warren R. Herndon, Jr., in the pleading's caption and "parties" section. (ECF No. 9 at 1, 3-4.) However, Plaintiff provides no factual allegations in the body of the Amended Complaint against defendant Equitable Life Mortgage and only conclusory allegations against defendants Yacht Cove and Herndon. (Id. at 17.) As the Amended Complaint provides insufficient factual information to demonstrate that defendants



Equitable Life Mortgage, Yacht Cove, and Herndon personally violated Plaintiff's constitutional rights, these defendants should be summarily dismissed from this case. See Howard v. Childs, C/A No. 3:11-3418-JFA-SVH, 2012 WL 527596, at *4 (D.S.C. Jan. 19, 2012) (when a complaint contains no personal allegations against a defendant, that defendant is properly dismissed); Jones v. McNair, C/A No. 3:11-3347-RBH-PJG, 2011 WL 7070524, at *2 (D.S.C. Dec. 22, 2011); see also Adams v. Rice, 40 F.3d 72 (4th Cir.1994) (affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory); White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (dismissal appropriate where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). Further, purely private conduct is not actionable under § 1983. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 940 (1982). Thus, to the extent Plaintiff alleges claims under § 1983 against defendants who are private companies or individuals, such claims are subject to summary dismissal.[6]

In addition, the law in clear that an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel. See Polk Cnty. v. Dodson, 454 U.S. 312, 317-24 nn.8-16 (1981) (public defender); Hall v. Quillen, 631 F.2d 1154, 1155-56 nn.2-3 (4th Cir. 1980) (court-appointed attorney); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney). As attorneys are not considered state actors amenable to suit for actions associated with their representation of parties in state court, Plaintiff's § 1983 claims against the following

---

[6] The court notes that Plaintiff's § 1983 claims against ABN AMRO and CitiMortgage are also subject to summary dismissal as these private companies are not proper defendants under that statute.



defendants are subject to summary dismissal:  Finkle Law Firm; Beverly J. Finkle; Thomas

A. Shook; Robinson, Bradshaw, and Hinson Law Firm; and Brian L. Church.[7]  See <u>Fleming</u>

<u>v. Asbill</u>, 42 F.3d 886, 890 (4th Cir. 1994) ("Private lawyers do not act 'under color of state

law' merely by making use of the state's court system"); <u>Hansen v. Ahlgrimm</u>, 520 F.2d

768, 770 (7th Cir. 1975) ("It is established that a private attorney, while participating in the

trial of private state court action, is not acting under color of state law.").

       The Amended Complaint also names the  following state court judges:  William A.

Keesley, Circuit Court Judge; James O. Spence, Master-in-Equity; George C. James,

Circuit Court Judge; Allison Renee Lee, Circuit Court Judge; George W. Griffiths, Jr.,

Circuit Court Judge;[8] and R. Knox McMahon, Circuit Court Judge.   Unless "taken in the

complete absence of all jurisdiction," a judicial officer has absolute immunity under § 1983

from a claim arising out of his or her judicial actions.   <u>Mireless v. Waco</u>, 502 U.S. 9, 12

(1991); <u>Chu v. Griffith</u>, 771 F.2d 79, 81 (4th Cir. 1985).  This immunity extends to judges

and courts of limited jurisdiction, such as municipal and magistrate court judges. <u>Figueroa</u>

<u>v. Blackburn</u>, 208 F.3d 432, 441-43 (3d Cir. 2000); <u>see</u> <u>also</u> <u>Pressly v. Gregory</u>, 831 F.2d

514, 517 (4th Cir. 1987) (a suit against two Virginia magistrates).  Judicial immunity is not

pierced by allegations of corruption or bad faith,  nor will a judge "be deprived of immunity

because the action he took was in error, was done maliciously, or was in excess of his

authority." <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-57 (1978); <u>see also</u> <u>Pierson v. Ray</u>, 386

_____

       [7] It is unclear from the pleadings whether Warren R. Herndon, Jr., provided legal
services to any of the parties in Plaintiff's state foreclosure actions.

       [8] Plaintiff refers to this defendant as George W. Griffiths, Jr., in the caption of the
pleading, (ECF No. 9 at 1), and as Eugene C. Griffith, Jr., elsewhere in the Amended
Complaint.  (<u>Id.</u> at 3, 6, 18.)



U.S. 547, 554 (1967), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982). The Amended Complaint alleges that the judicial officers in this case issued orders "absent the required subject matter jurisdiction" and "exhibited an extreme bias against [Plaintiff.]" (ECF No. 9 at 17.) However, the Plaintiff's Complaint fails to plausibly show that the judicial officers in this case were completely without jurisdiction. Because judicial immunity is an immunity from suit, not just from ultimate assessment of damages, Mireless, 502 U.S. at 11, defendants Keesley, Spence, James, Lee, Griffiths, and McMahon are entitled to summary dismissal from the instant action.

The doctrine of absolute quasi-judicial immunity has also been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]' " Kincaid v. Vail, 969 F.2d 594, 601(7th Cir. 1992) (quoting Scruggs v. Moellering, 870 F.2d 376, 377 (7th Cir. 1989)); cf. Pink v. Lester, 52 F.3d 73 (4th Cir.1995) (overruling McCray v. Maryland, 456 F.2d 1 (4th Cir. 1972), which held that clerks of court might be held liable for negligent conduct in the filing of pleadings). Thus, the Amended Complaint's claims against Lexington County Clerk of Court, Beth A. Carrigg, for mailing hearing notices to Plaintiff, (ECF No. 9 at 18), are likewise subject to summary dismissal. To the extent Plaintiff alleges mail fraud against defendant Carrigg, this claim must fail because there is no private right of action under the mail fraud statute, 18 U.S.C. § 1341. See Uhre v. Emmett A. Larkin Co., Inc., 205 F. Supp. 2d 475, 478 (D. Md. 2002); Simmons v. Simmons, C/A No. 2:08-2951-PMD, 2008 WL 4663157, at *2 (D.S.C. Oct. 17, 2008).

2.    **Claims under 42 U.S.C. 1985(3)**

Under 42 U.S.C. § 1985(3), an alleged conspiracy must be pled and proved by concrete facts, not mere conclusory allegations. Simmons v. Poe, 47 F.3d 1370, 1376-77 (4th Cir. 1995); Buschi v. Kirven, 775 F.2d 1240, 1248 (4th Cir. 1985). In addition, the Supreme Court has held that, to establish a federal conspiracy claim under § 1985, a plaintiff must show that the alleged conspiracy is motivated by "some racial, or perhaps otherwise class-based invidiously discriminatory animus." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); see also Trerice v. Summons, 755 F.2d 1081, 1085 (4th Cir. 1985). The Amended Complaint claims that many of the defendants in this case "colluded to extort money and or property from [Plaintiff] by filing actions against" him in state court. (ECF No. 9 at 17.) However, speculation and conjecture are insufficient to demonstrate a conspiratorial agreement and the Amended Complaint provides insufficient facts to demonstrate that the defendants came to any mutual understanding or acted "jointly in concert" to deprive Plaintiff of any constitutional right. See Hinkle v. City of Clarksburg, W.Va, 81 F.3d 416, 421 (4th Cir. 1996); see also Ruttenberg v. Jones, No. 07-1037, 2008 WL 2436157 at *8 (4th Cir. June 17, 2008). Plaintiff also fails to establish any discriminatory motive on the part of the defendants. Thus, to the extent Plaintiff alleges a cause of action for conspiracy arising under 42 U.S.C. § 1985(3), his claim must fail.

*PJG*

### 3.     Claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964

The Amended Complaint also cites to RICO.  (ECF No. 9 at 5.)  However, Plaintiff fails to discuss this statute in the body of the pleading.  Plaintiff also provides only conclusory allegations regarding extortion of money or property, (id. at 16-17), therefore, the Amended Complaint fails to demonstrate a qualified predicate act of racketeering under 18 U.S.C. § 1961(1).  As such, Plaintiff's civil RICO claim should be summarily dismissed. See U.S. Airline Pilots Ass'n v. Awappa, LLC, 615 F.3d 312, 317 (4th Cir. 2010) (predicate offense necessary to show racketeering activity).

### 4.     Claims for injunctive relief

In addition to monetary damages, Plaintiff asks this Court to "prevent the lower courts from any further actions or rulings in and to dismiss, with prejudice Lexington case no. 2010-cp32-01917 and #2009 Cp32-05255 and to estop Lexington county Sheriff from any actions against the property of [Plaintiff]." (ECF No. 9 at 19.)  In Younger v. Harris, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996).  The Younger Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. Younger, 401 U.S. at 43–44 (citation omitted).  From Younger and its progeny, the United States Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate:  "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity



to raise federal claims in the state proceedings." Martin Marietta Corp. v. Maryland Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). While the Younger doctrine was originally applied to protect state interests represented in criminal prosecutions, the Supreme Court has extended Younger to prescribe abstention in favor of state civil actions as well, when important state interests are at stake. See Huffman v. Pursue, Ltd., 420 U.S. 592, 604 (1975).

In the present action, Plaintiff seeks to enjoin and dismiss pending state foreclosure actions. As an ongoing state civil proceeding exists, the first prong of the abstention test is satisfied. The Supreme Court has addressed the second criteria, stating that "the States' interest in administering their [] justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." Kelly v. Robinson, 479 U.S. 36, 49 (1986). In addressing the third criteria, the Court has noted "that ordinarily a pending state [proceeding] provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." Kugler v. Helfant, 421 U.S. 117, 124 (1975). Plaintiff in this case can pursue his claims in state court. Therefore, this court should abstain from hearing Plaintiff's claims for injunctive relief regarding his pending state foreclosure proceedings. As Plaintiff cannot be granted the injunctive relief sought, defendant Lexington County Sheriff, who is named "merely to hinder any action against [Plaintiff's] property," (ECF No. 9 at 19), should be summarily dismissed from this case.

**5.      State law claims and claims under other cited federal statutes**

Rule 8(a)2 of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although the court must liberally construe a *pro se* complaint, the United States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim. See <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 677-78 (2009); <u>Bell Atlantic Corp.v. Twombly</u>, 550 U.S. 544, 555 (2007).  Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. <u>Iqbal</u>, 556 U.S. at 678-79; <u>Twombly</u>, 550 U.S. at 570.  The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions.  <u>Iqbal</u>, 556 U.S. at 679; <u>Twombly</u>, 550 U.S. at 555.  In the instant case, Plaintiff provides definitions from Black's Law Dictionary for the terms fraud, extortion and "barratry/champertry."  (ECF No. 9 at 16.)  However, Plaintiff provides insufficient factual information in the Amended Complaint to state plausible state law causes of action, or cognizable causes of action under the FDCPA, TILA, or RESPA, against the defendants recommended for summary dismissal below.  Therefore, Plaintiff's state law claims and claims associated with the lending of money or collection of a debt, are subject to summary dismissal as to the following defendants:  Equitable Life Mortgage; William A. Keesley; James O. Spence; George C. James; Alison Renee Lee; Beth A. Carrigg; George W. Griffiths, Jr.; R. Knox McMahon; Sheriff of Lexington County; Yacht Cove Homeowners Association; and Warren R. Herndon, Jr.



## RECOMMENDATION

Accordingly, the court recommends that the above-captioned case be summarily dismissed without prejudice and without issuance of process as to the following defendants: The Equitable Life Mortgage and Realty Investors; William A. Keesley; James O. Spence; George C. James; Alison Renee Lee; Beth A. Carrigg; George W. Griffiths, Jr.; R. Knox McMahon, Sheriff of Lexington County; Yacht Cove Homeowners Association; and Warren R. Herndon, Jr.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 3, 2013
Columbia, South Carolina

*Plaintiff's attention is directed to the important Notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).