IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Joseph Thomas, family McQuatters, | C/A NO.  3:13-130-CMC-PJG |
| Plaintiff, | |
| v. | **OPINION and ORDER** |
| The Equitable Life Mortgage and Realty Investors; ABN AMRO Mortgage Group, Inc.; Finkle Law Firm; Beverly J. Finkle, an individual; Thomas A. Shook, an individual; William A. Keesley, an individual; James O. Spence, an individual; CitiMortgage, Inc.; Robinson, Bradshaw, and Hinson Law Firm; Brian L. Church, an individual; George C. James, an individual; Alison Renee Lee, an individual; Beth A. Carrigg, an individual; George W. Griffiths, Jr., an individual; R. Knox McMahon, an individual; Sheriff of Lexington County; Yacht Cove Homeowners Association; Warren R. Herndon, Jr., an individual, Defendants. | |

This matter is before the court on Plaintiff's *pro se* complaint asserting claims under 42 U.S.C. §§ 1983 and 1985; civil violations under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964; claims under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; claims under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2805; and various state law claims.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and

1

a Report and Recommendation ("Report").  On May 8, 2013, the Magistrate Judge issued a Report recommending that Defendants The Equitable Life Mortgage and Realty Investors, William A. Keesley, James O. Spence, George C. James, Alison Renee Lee, Beth A. Carrigg, George W. Griffiths, Jr., R. Knox McMahon; Sheriff of Lexington County, Yacht Cove Homeowners Association, and Warden R. Herndon, Jr. be dismissed from this action without prejudice and without issuance and service of process.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  Plaintiff has filed two letters with the court, one indicating that the Report is "refused for cause and Timely Returned," ECF No. 23, and a letter questioning the authority of the United States Magistrate Judge in this matter.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review of the record, and after considering the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's letters, the court agrees with the conclusions of the Magistrate Judge.  Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Plaintiff's assertion that the United States Magistrate Judge has no authority in this matter is without merit. Title 28, United States Code Section 636 provides

> (b)(1) Notwithstanding any provision of law to the contrary–
>
> (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. [ ]
>
> (B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A) . . . .
>
> (C) the magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties. Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1). Under the Local Civil Rules of the District of South Carolina, cases filed by individuals proceeding *pro se* are assigned to the United States Magistrate Judges of this District for pretrial proceedings and a Report and Recommendation on dispositive issues as contemplated by 28 U.S.C. § 636(b)(1)(B). *See* Local Civil Rule 73.02(B)(2), DSC. Therefore, the United States Magistrate Judge to whom this matter is assigned has the statutory authority to proceed in this matter.

Accordingly, Defendants The Equitable Life Mortgage and Realty Investors, William A. Keesley, James O. Spence, George C. James, Alison Renee Lee, Beth A. Carrigg, George W.

Griffiths, Jr., R. Knox McMahon; Sheriff of Lexington County, Yacht Cove Homeowners Association, and Warden R. Herndon, Jr. are dismissed from this action without prejudice and without issuance and service of process.

This matter is returned to the United States Magistrate Judge pursuant to the Local Civil Rules of this Court for further pretrial proceedings.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 29, 2013